UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADAM HULBERT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:22-cv-729-GMB ) |
| STATE OF ALABAMA, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

Plaintiff Adam Hulbert filed a *pro se* complaint against the State of Alabama alleging that a judge, working on behalf of the State of Alabama, violated his rights under 42 U.S.C. § 1983 by committing judicial misconduct. Doc. 1 at 1–3. Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of a United States Magistrate Judge. Doc. 9. Before the court is the State's Motion to Dismiss. Doc. 5. Hulbert did not file a response to the motion even though the court gave him the opportunity to do so. Doc. 6 at 1. For the following reasons, the motion to dismiss is due to be granted.

**I. STANDARD OF REVIEW**

The court evaluates a motion to dismiss based on Eleventh Amendment sovereign immunity "under Rule 12(b)(1) where the analysis does not involve the merits of the case." *Culverhouse v. S. Union Cmty. Coll.*, 2021 WL 2417154, at *1

(M.D. Ala. June 14, 2021); *see also Thomas v. U.S. Postal Service*, 364 F. App'x 600, 601 n.3 (11th Cir. 2010) ("[A] dismissal on sovereign immunity grounds should be pursuant to Rule 12(b)(1) because no subject-matter jurisdiction exists.") (citing *Bennett v. United States*, 102 F.3d 486, 488 n.1 (11th Cir. 1996)). When "the [c]ourt considers a challenge to subject matter jurisdiction, 'the court must . . . take the complaint's allegations as true.'" *Culverhouse*, 2021 WL 2417154, at *2 (quoting *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009)).

## II. DISCUSSION

Hulbert's complaint stems from an adverse ruling in a divorce case in an Alabama state court. Doc. 1 at 3. Hulbert sues the State of Alabama based on actions of Judge George Simpson during that proceeding. Doc. 1 at 3. The State contends that Hulbert's claims are barred by sovereign immunity.[1] Doc. 5 at 1–2. The court agrees.

The Eleventh Amendment to the United States Constitution bars a plaintiff from bringing a 42 U.S.C. § 1983 claim against the state. *See Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A state may waive its Eleventh

---

[1] Although the State interprets the complaint as stating claims against Judge Simpson in his official capacity, Hulbert did not name Judge Simpson as a defendant and, in fact, explicitly alleged that "Judge Simpson is eliminated as a defendant and is replaced by the State of Alabama." Doc. 1 at 3.

2

Amendment immunity, or Congress may abrogate this immunity. *See Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524–25 (11th Cir. 1990) (citations omitted). Absent either of these, the state is entitled to immunity. In this case, the state has not waived its immunity, nor has Congress abrogated its immunity. Accordingly, the complaint is due to be dismissed.

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 5) is due to be granted. A separate final order will be entered.

DONE and ORDERED on October 3, 2022.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE